# United States Bankruptcy Court
**Western District of Michigan**
One Division Ave., N.
Room 200
Grand Rapids, MI 49503

| | |
|---|---|
| **IN RE:** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):<br><br>**Barbara Ann Bolton**<br>1577 South Hollister<br>Ovid, MI 48866<br>SSN: xxx–xx–8248<br><br>**Debtor(s)** | **Case Number 08–02490–jrh**<br><br>**Chapter 7**<br><br>**Honorable Jeffrey R. Hughes** |

## NOTICE OF CONVERSION OF CASE UNDER CHAPTER 13
## TO CASE UNDER CHAPTER 7 TOGETHER WITH RELATED ORDER

At a session of said Court of Bankruptcy, held in and for said district on 9/10/09.

PRESENT:  Honorable Jeffrey R. Hughes
United States Bankruptcy Judge

Debtor(s) have filed either a notice or motion on September 8, 2009, to convert this case from Chapter 13 to Chapter 7 in accordance with 11 U.S.C. § 1307(a). If the latter (i.e., by motion), the court treats the motion as if it were a notice. Therefore, this case is converted to a Chapter 7 case as of the date the notice or motion was filed. Fed.R.Bankr.P. 1017(f)(3). The obligations of the Chapter 13 Trustee and the Debtor(s) with respect to the conversion are set forth in Fed.R.Bankr.P. 1019.

The United States Trustee has designated **Colleen M. Olson** to serve as the interim trustee in the Chapter 7.

In conjunction with the conversion of this case, IT IS HEREBY ORDERED THAT:

1. Debtor(s) shall provide W–2 forms to employees (if any) within 30 days of this order.

2. All orders entered during the Chapter 13 proceeding which required the employer(s) of the Debtor(s) to submit monies to the Chapter 13 trustee are hereby terminated as of the date of this order.

3. Any person who has a claim for payment of an administrative expense which arose post–petition but prior to the conversion of the case to Chapter 7 who has not already filed with the Court a request for payment of that administrative expense shall file such a request for payment with the Court (One Division Street NW, Grand Rapids, MI 49503) by no later than sixty (60) days from the date this notice and order was served.

4. The Chapter 13 Trustee, within 30 days after all checks written by the Trustee have cleared, shall file an accounting of all receipts and distributions made, as required by Bankruptcy Rule 1019(5)(B).

5. Section 348(f)(2) of the Bankruptcy Code provides that if the conversion of the Chapter 13 case to a Chapter 7 case is in "bad faith," then the property of the estate for purposes of the Chapter 7 case shall consist of the "property of the estate" as of the date of conversion as opposed to the "property of the estate" as of the date of the original petition that remains in the possession or control of the debtor as of the date of the conversion. Any creditor or other party in interest who contends that Debtors' conversion of the Chapter 13 case to a Chapter 7 case was in "bad faith" for purposes of 11 U.S.C. § 348(f)(2) shall assert that position in a written motion filed with this Court within thirty (30) days of the service of this order together with a proof of service indicating that service has been made upon the Debtor(s), the United States Trustee, and the Chapter 7 Trustee.

6. The Chapter 13 Trustee shall, pursuant to Bankruptcy Rule 1019(4), forthwith turnover to the Chapter 7 Trustee all records of the estate, as well as all property being held by the Chapter 13 Trustee that represents "non–wage"

income or "non−wage" assets of the Debtor. If the Chapter 13 Trustee also holds "wage" income or "wage" assets, the Chapter 13 Trustee shall immediately notify the Chapter 7 Trustee about the type and source of such property. The Chapter 13 Trustee shall continue to hold such "wage" income and "wage" assets until the time within which a Section 348(f)(2) "bad faith" motion may be made pursuant to this order. If a timely motion is filed, then the "wage" income and "wage" assets shall also be turned over to the Chapter 7 Trustee pending further order of this Court. If, however, a timely motion is not filed, then the "wage" income and "wage" assets, together with any other assets not required to be turned over to the Chapter 7 Trustee, shall be disbursed by the Chapter 13 Trustee pursuant to the Bankruptcy Code, Bankruptcy Rules and applicable law.

IT IS FURTHER ORDERED that this notice and related order be served upon the Debtor(s), the Debtor(s') attorney, the Chapter 13 Trustee, the Chapter 7 Trustee and upon all parties listed on the matrix herein.

/S/_____
Honorable Jeffrey R. Hughes
United States Bankruptcy Judge

Order electronically transmitted to the Bankruptcy Notice Center for proper service on September 10, 2009 .